# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RANDALL H. DEUBLER,

        Plaintiff,

v.                                                                                                                          No. 18cv76 JAP/KK

DENISE BARELA SHEPHERD,
SECOND JUDICIAL DISTRICT COURT, and
KURT F. JOHNSON,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

On January 24, 2018, Plaintiff filed Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. No. 1) (Complaint) and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) (Application).

Plaintiff is a defendant in a foreclosure action in state district court. *See* Complaint at 2. Plaintiff's trustee "sent a 'money on account order' to the state district court which . . . deemed [the money on account order] as fraudulent." Complaint at 2. Plaintiff alleges that Defendant Judge Shepherd "has deprived me of due process and a fair trial by unfairly making a determination that the payment that was made by my trustees was fraudulent" and by not "tendering the money on account order which is our restitution by the district court." Complaint at 2-3. Plaintiff asks this Court to "process the new payment." Complaint at 3. Plaintiff does not seek any relief from Defendants.

Plaintiff previously filed a similar complaint in this Court seeking the same relief, i.e. that this Court process the new payment. *See* Doc. 1, filed May 1, 2017, in *Deubler v. Johnson*, No. 17cv511 JAP/KBM (D.N.M.). The Court dismissed the previous case for lack of subject-matter jurisdiction stating:

> The Court does not have jurisdiction over this matter because there is no "case" or "controversy." "Article III of the United States Constitution restricts the jurisdiction of federal courts to the adjudication of 'Cases' or 'Controversies.'" *Bronson v. Swensen*, 500 F.3d 1099, 1106 (10th Cir. 2007).
>
>> For a case or controversy to be justiciable, it must involve "questions presented in an adversary context and ... capable of resolution through the judicial process." *Massachusetts v. E.P.A.,* 549 U.S. 497, 516, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007). The three requirements of Article III standing—injury-in-fact, causation, and redressability—ensure that the parties to any litigation have "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination." *Id.* at 517, 127 S.Ct. 1438. It is the plaintiff's burden to demonstrate that these requirements are met. *See Summers v. Earth Island Inst.,* 555 U.S. 488, 493, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009). Each of these requirements "must be established before a federal court can review the merits of a case." *Consumer Data Indus. Assoc. v. King,* 678 F.3d 898, 902 (10th Cir.2012).
>
> *Petrella v. Brownback*, 697 F.3d 1285, 1292-1293 (10th Cir. 2012). Plaintiff has not asserted any claims against Defendants. Plaintiff only asks the Court to process the new payment. Plaintiff's request is not presented in an adversary context and is not capable of resolution through the judicial process.

Mem. Op. and Order of Dismissal, Doc. 5, filed August 2, 2017, in *Deubler v. Johnson*, No. 17cv511 JAP/KBM (D.N.M.). In the case now before the Court, the only relief Plaintiff seeks is that the Court process the new payment. As in Plaintiff's previous case, Plaintiff's request in this case is not presented in an adversary context and is not capable of resolution through the judicial process.

The Court will dismiss this case without prejudice for lack of jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,*

434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Because it is dismissing this case, the Court will deny Plaintiff's Application as moot.

IT IS ORDERED that this case is DISMISSED without prejudice and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is DENIED as moot.

_____
SENIOR UNITED STATES DISTRICT JUDGE